## Bentley v. Ben Williamson Hardware Company.

(Decided November 20, 1917.)

### Appeal from Pike Circuit Court.

New Trial—For Accident Against Which Ordinary Prudence Could Not Have Guarded.—Where a case was set down for trial on a named day and the stenographer of the attorney for the defendant, several days before the trial, at the request of the at-

torney, wrote the defendant to be present on the day on which the case was set, but by mistake notified him to come on a later day, and neither the attorney nor the defendant knew of the mistake until after judgment had gone by default against the defendant, who had a good defense, the court, on motion of the defendant during the term, should have set the judgment aside, under section 340 of the Civil Code as due to accident against which ordinary prudence could not have guarded.

J. S. CLINE for appellant.

S. M. CECIL and FLANNERY & HARRIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, Bentley, has moved the court to grant an appeal in this case, and the motion is sustained.

The appellee, Ben Williamson Hardware Co., brought suit in the Pike circuit court against Bentley, seeking judgment for $332.06 on an open account.

Bentley filed an answer denying that he owed any part of the account.

After the pleadings had been made up, and on June 2, 1916, which was the 17th day of the May term of the court, the record shows that the parties appeared by their attorneys and there was a trial before a jury and a verdict against Bentley for the full amount claimed, followed by a judgment.

On June 13th, the 26th day of the May term, Bentley filed a motion and grounds for a new trial, and in support thereof filed the affidavit of himself and his attorney, J. S. Cline.

In his affidavit Bentley said, in substance, that he was not present at the trial of the case on account of the following state of facts: that he had employed J. S. Cline to represent him in the suit and Cline had prepared and filed his answer; that he was the only attorney he had; that he lived about 35 miles from the court house and had arranged with Cline to advise him of the day when his case would be set for trial; that on May 1, 1916, he received a letter purporting to be signed by Cline, informing him that his case was set down for the 17th day of June; that he relied on the statements contained in this letter as to the time when his case would be called for trial and did not know that it had been set for trial or tried on the second day of June until some five days thereafter. He further said that he was a necessary and material witness in his own behalf, and if present would have

testified and offered evidence to show that he did not owe any part of the debt sued on; that he would have been present on June 2nd if he had known that his case was set for trial on that day. His affidavit also set out in detail what his defense was and showed that he had a good defense to the suit.

His attorney, Cline, filed an affidavit in which he said that he had prepared and filed the answer for Bentley and arranged for him to be present at the trial; that he directed his stenographer to get the printed docket of that term of the court on which appeared the case of the Ben Williamson Hardware Co. v. Bentley and write Bentley the day the case was set for trial. There is filed with his affidavit the letter that Sanders, his stenographer, wrote to Bentley, dated May 1, 1916, telling him that "Your case with Ben Williamson Hardware Co. is set for trial on the 17th day of June, 1916. Please be on hand and be ready for trial on that day. (Sgd.) J. S. Cline." He says that although his name was signed to the letter, he did not read or sign the letter, but that it was written at his direction by his stenographer and signed by the stenographer; that the case was set down for trial on the 17th day of the term, which was June 2nd, and not June 17th; that on June 2nd, on account of illness in his family, he was unable to be present in court, but had Mr. Steele appear for Bentley, who was absent, but that at that time he, Cline, did not know why he was absent, nor did Steele; that on account of Bentley's absence, which Steele could not explain, Steele was not able to make any defense, and the judgment against Bentley really went by default.

There is also filed with the record a copy of the printed docket of the Pike circuit court, and this docket shows that this case was set down for trial "on the 17th day, Friday, June 2nd," and it appears from the affidavit that the stenographer for Cline got the day of the term and the day of the month confused, writing Bentley to come on the 17th day of the month in place of the 2nd day.

On these affidavits, which stand uncontradicted in the record, we think the lower court committed error in refusing to set aside the judgment and grant Bentley a new trial. The record shows that the failure of Bentley to be present was due to "accident . . . which ordinary prudence could not have guarded against," and this, under section 340 of the Civil Code, is grounds for a new trial.

Wherefore, the judgment is reversed, with directions to set aside the judgment appealed from and grant Bentley a new trial.